**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 25 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RENDI CHEN, | No. 17-71107 |
| Petitioner, | Agency No. A088-126-012 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2020**
Pasadena, California

Before: BERZON, R. NELSON, and LEE, Circuit Judges.

Petitioner Rendi Chen, a native and citizen of China, seeks review of a final

administrative order denying his applications for asylum, withholding of removal,

and relief under the Convention Against Torture (CAT). Chen argues that the

immigration judge's adverse credibility determination was erroneous. We review

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

that determination for substantial evidence. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). In doing so, we look to both the BIA's and the IJ's decisions because the BIA issued a decision that largely relied on the IJ's reasoning. *Gu v. Gonzales*, 454 F.3d 1014, 1019 (9th Cir. 2006). We deny the petition for review.

1.      The IJ found Chen not to be credible in part because of inconsistencies in his story regarding his knowledge of his family members' incarceration and his travel arrangements to the United States. Substantial evidence supports that conclusion. Chen first asserted that he knew his father and uncle were still in custody in China. When pressed, however, he admitted he did not know but instead based his statement on a feeling. Chen also first stated that his friends arranged his travel to the United States, but later stated that it was his mother. Accordingly, a "reasonable adjudicator would [not] be compelled to conclude" that Chen's testimony was credible. 8 U.S.C. § 1252(b)(4)(B). Without credible testimony, Chen's claims for asylum and withholding of removal fail. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

2.      Chen failed to contest the agency's order denying CAT relief in his opening brief. Arguments not raised in the opening brief are deemed waived. *Song v. Sessions*, 882 F.3d 837, 841 n.8 (9th Cir. 2017). Chen's claim for CAT relief is therefore waived.

**PETITION FOR REVIEW DENIED.**

2